# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECNOGRUAS, a corporation registered in Chile;<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL TRANSPORTATION SERVICE LLC, a Delaware limited liability company; and DOES 1 to 10, inclusive;<br><br>Defendants. | Case No.: 2:24-cv-05984<br><br>**[PROPOSED] ORDER RE PLAINTIFF TECNOGRUAS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>[Ex Parte Application; and Declarations of Guzman and Golshani Filed Concurrently Herewith] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

On reading the Complaint of Plaintiff TECNOGRUAS ("Plaintiff") on file in the above-entitled action and the Declarations of Alejandro Guzman and Shervin Golshani, the exhibits thereto, and the memorandum of points and authorities submitted therewith, it appears to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and an Order to Show Cause for a Preliminary Injunction, and that unless the Temporary Restraining Order prayed for be granted, irreparable injury will result to Plaintiff before the matter can be heard on notice.

## ORDER TO SHOW CAUSE

IT IS HEREBY ORDERED:

1. That the above-named Defendant INTERNATIONAL TRANSPORTATION SERVICE, LLC ("Defendant") shall appear before this Court on the following date: _____, 2024 at _____ a.m./p.m., or as soon thereafter as the matter may be heard, then and there to show cause, if any they have, why a preliminary injunction should not be issued as follows:

   a. Prohibiting ITS and its officers, owners, agents, employees, affiliates, and all persons in active concert or participation with ITS from doing any of the following:

      i. operating the three Mitsui-Paceco manufactured ship to shore cranes that are the subject of the Crane Purchase and Sale Agreement between ITS and Plaintiff and identified as cranes numbers 2502, 2767, and 2768 (the "Cranes");

      ii. moving or relocating the Cranes without Plaintiff's prior approval;

1

**[PROPOSED] ORDER RE PLAINTIFF TECNOGRUAS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

          iii. advertising the Cranes for sale on the APM Terminals listings or elsewhere; and

          iv. selling the Cranes;

2. That copies of this Order be served by _____ service on Defendant no later than _____ on _____, 2024;

3. The briefing schedule for any Opposition, Reply or supplemental briefing shall be as follows:

_____

_____

_____

_____

_____

_____ .

4. Defendant is hereby put on notice that failure to attend the order to show cause hearing may result in the immediate issuance of the preliminary injunction, which, if issued, shall be deemed to take effect immediately upon the expiration or dissolution of the temporary restraining order, if any, set forth below. Defendant is further notified that it shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

## **TEMPORARY RESTRAINING ORDER**

IT IS FURTHER ORDERED:

1. Upon consideration of Plaintiff's Application for a Temporary Restraining Order, the parties' briefing, and oral argument, if any, this Court finds that Plaintiff have demonstrated a need for preliminary injunctive relief in this case. See *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-35 (9th Cir. 2011). The standard for

issuing a TRO is the same as the standard for issuing a preliminary injunction. See *New Motor Vehicle Bd. Of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Plaintiff has established a likelihood of success on the merits by setting forth facts tending to establish that Defendant's termination of the Crane Purchase and Sale Agreement was invalid and that, without preliminary injunctive relief, Plaintiff would be irreparably harmed because the Cranes are unique and alternatives are not available, money damages would not be adequate or available to Plaintiff, and Plaintiff would incur significant loss of business, injury to goodwill, and injury to reputation. In addition, the balance of equities is in favor of granting preliminary injunctive relief given Defendant has received and retained the full purchase price of the Cranes at issue.

Accordingly, it is hereby ORDERED that, prior to the hearing on the order to show cause why a preliminary injunction should not be issued, Defendant and its officers, owners, agents, employees, affiliates, and all persons in active concert or participation with Defendant are temporarily prohibited from:

  i. operating the three Mitsui-Paceco manufactured ship to shore cranes that are the subject of the Crane Purchase and Sale Agreement between ITS and Plaintiff and identified as cranes numbers 2502, 2767, and 2768 (the "Cranes");
  ii. moving or relocating the Cranes without Plaintiff's prior approval;
  iii. advertising the Cranes for sale on the APM Terminals listings or elsewhere; and
  iv. selling the Cranes;

2. This Temporary Restraining Order is issued as of _____ a.m./p.m. on _____, 2024.

3

**[PROPOSED] ORDER RE PLAINTIFF TECNOGRUAS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

3.    This Temporary Restraining Order shall expire on _____, 2024, the date of the Order to Show Cause. Fed. R. Civ. P. 65(b).

4.    This Court has exercised its discretion to determine that [no bond shall be required and that this order shall be effective immediately] / [Plaintiff is required to post bond as security in the amount of _____]. Fed. R. Civ. P. 65(c).

Date: _____            _____
                                                        United States District Judge